[Civ. No. 6030. Second Appellate District, Division Two.—May 14, 1928.]

GRANVILLE G. WITHERS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

William F. DeF. Mann for Petitioner.

No appearance for Respondent.

CRAIG, J.—On June 18, 1925, Granville Withers and Inez Withers intermarried. On August 13, 1925, Inez Withers brought suit for divorce. An order *pendente lite* was made awarding the plaintiff alimony, counsel fees, and court costs. On August 17th following, Nona Withers, the mother of Granville Withers, filed suit against Inez Withers to annul the marriage, and a judgment of annulment was entered on September 22, 1925. The judgment required Granville Withers to pay to Inez $60 per month for alimony and support of their minor child, whose custody was also awarded to her.

Thereafter, in the divorce action, Inez Withers filed an affidavit alleging that Granville became delinquent in the payment of alimony as required by the order *pendente lite* above mentioned, which delinquency began on April 15, 1927. An order was made, based upon this affidavit, requiring Granville Withers to show cause why he should not be punished for contempt for having failed to comply with the terms of said order *pendente lite*. At the time fixed for the hearing of the order to show cause, petitioner herein appeared and urged that since the marriage of the parties had been annulled, the court had lost jurisdiction to enforce the order made in the divorce action. However, it is averred in the petition that the Superior Court disregarded this objection, and announced that petitioner was in contempt, but continued the hearing until March 13, 1928, to take further testimony as to the ability of petitioner to make the required payments, and to "determine the punishment to be inflicted" on the petitioner.

Thereupon Granville Withers sought a writ of prohibition against the Superior Court proceeding further in the divorce action, and particularly from taking further steps in the hearing on the order to show cause.

The judgment of annulment terminated the court's authority to enforce payment of alimony accruing thereafter. Having decided that the marriage was a nul-

lity, the status of the parties after the entry of that judgment was not such that they could be divorced any more than as though they had never been married. This view is supported by *Millar* v. *Millar,* 175 Cal. 797 [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394] Both actions were in the same court, and it was only necessary upon the hearing of the order to show cause for the defendant in the divorce action to call attention to the judgment of annulment, which terminated the subject matter of the divorce action from the date of the entry of such judgment.

Let the writ issue as prayed.

· Works, P. J., and Thompson, J., concurred.