[Civ. No. 18493.   First Dist., Div. Two.   July 17, 1959.]

LARRY DEANE BROODING, Respondent, v.
GAY BROODING, Appellant.

Robert H. Kroninger for Appellant.

Edwards & Friborg for Respondent.

O'DONNELL, J. pro tem.*—This is an appeal from an order denying defendant's motion under section 473 of the Code of Civil Procedure to set aside the default and default judgment entered upon the second amended complaint for annulment of the marriage of plaintiff and defendant.

Plaintiff filed an original complaint for annulment. After a demurrer thereto was sustained he filed a first amended complaint which set forth two separate grounds for annulment: (1) That he was of the age of 18 years at the time of his marriage and that the marriage was entered into without the written consent of plaintiff's parents; and (2) That plaintiff's consent to the marriage was obtained by force. Defendant filed an answer to the first amended complaint in which she denied all its material allegations. She also filed a cross-complaint for divorce. Plaintiff answered the cross-complaint. Thereafter, plaintiff filed a second amended complaint. Defendant did not answer or otherwise plead to the second amended complaint. Her default in that regard was entered by the clerk and thereafter a default judgment annulling the marriage on the ground that plaintiff was under age and lacked parental consent was rendered by the trial court.

The default judgment was entered on September 27, 1957.

---

*Assigned by Chairman of Judicial Council.

The uncontradicted affidavit of Darrell B. Edwards, one of plaintiff's attorneys, avers that on or about October 15, 1957, he notified Philip L. Evans, one of defendant's attorneys, that plaintiff had obtained a default decree of annulment. It was not until March 4, 1958, that defendant filed a notice of motion to set aside the default.

Defendant contends that having filed an answer to the first amended complaint the denials of which were such that they were also responsive to the allegations of the second amended complaint, the case was thus at issue and that the default judgment was therefore void. (Defendant did not advance this contention at the hearing of her motion below. She there asserted that there had been no service of the second amended complaint—an assertion which was countered by plaintiff with substantial evidence to the contrary and which was impliedly found by the lower court to be untrue.)

Defendant is correct in her contention that her answer to the first amended complaint was sufficient to put in issue the allegations of the second amended complaint. (*Gray* v. *Hall*, 203 Cal. 36 [265 P. 246].) However, the case just cited also holds that a default judgment made under such circumstances is not void but only voidable. There it was sought, in a mandamus proceeding, to collaterally attack a default judgment which had been entered notwithstanding an answer had been filed to the original complaint the denials of which were sufficient to traverse the allegations of the amended complaint. In disposing of the contention that the judgment under attack was void the court said (p. 315):

"Although the court in the original action committed error which would have called for reversal on appeal, it had acquired jurisdiction to act in the premises long before its commission, and its judgment having become final without appeal or other direct attack, it is now conclusive against this collateral attack, whether the matter was rightly or wrongly decided as to the matters presented or which should have been presented on the hearing. (Citation.) Where jurisdiction has attached any irregularities thereafter occurring merely render the judgment erroneous or voidable."

And on pages 316-317, the court further says:

"It cannot be denied that, in those cases in which judgments have been rendered without any or insufficient service, or where the party not only has had no opportunity to answer, but is so ignorant of any proceeding against him as not to have been able to avail himself of the remedies which the

law gives him until he has lost them all, the judgment is absolutely void. Such a judgment may be attacked at any time, directly or collaterally. (Citation.) But it is a fundamental principle, everywhere prevailing, that where a court has jurisdiction of the person of the parties and the subject matter of the controversy submitted to it by them, its judgment thereon cannot be impeached collaterally or otherwise than by some form of direct attack, although it may appear on the face of the record that error was committed by the court in determining the question.''

So in the instant case the trial court erred in granting a default judgment. Such judicial error on the part of the trial court was undoubtedly sufficient to warrant the conclusion that the judgment was taken against defendant through her ''mistake, inadvertence, surprise or excusable neglect.'' (Code Civ. Proc., § 473.) However, in order to qualify for relief from the default judgment, ''application for such relief must be . . . made within a reasonable time, in no case exceeding six months, . . .'' (Code Civ. Proc., § 473.) In *Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523 [190 P.2d 593] the Supreme Court had occasion to construe the ''reasonable time'' provision of section 473. In that case it appeared that an office secretary of defendant, misunderstanding the instructions of one of her superiors, filed a summons and complaint in the office files instead of forwarding the documents to defendant's attorney for attention. In due course a default judgment was taken against defendant. Defendant's officers learned of the default judgment the day following its entry, located the misfiled documents, and immediately forwarded them to defendant's attorney. However, no action was taken to open the default for a period of more than three months. No explanation was given in the trial court for the three months' delay. The trial court granted defendant's motion to set aside the default, but the Supreme Court reversed, stating that while defendant's failure to file an answer within the time prescribed by law might be excusable because of the secretary's misunderstanding of her instructions, yet the defendant's failure to offer any explanation whatever for its delay in taking steps to set aside the default judgment was fatal to its motion. At page 532 the court said: ''To hold otherwise—that in the absence of any explanation a delay of more than three months in undertaking to open a default can be excused—would empower the trial court to dispense with the 'reasonable time' requirement

of the statute.'' The same situation obtains in our case. Here we have an unexplained delay of four and one-half months between the time defendant's counsel was apprised of the default judgment and the time proceedings were instituted to set it aside. Thus the trial court in the instant case was not merely justified in denying defendant's motion, it was its duty under legal compulsion to do so.

Defendant also contends that the trial court was powerless to render a default decree of annulment because of the pendency of defendant's cross-complaint for divorce and plaintiff's answer thereto. The contention is devoid of merit. The rule stated in *Gray* v. *Hall, supra,* relative to voidable judgments is again applicable. Moreover, the effect of a decree of annulment is to declare that no valid marriage ever existed. (*Millar* v. *Millar,* 175 Cal. 797 [167 P. 394, Am. Cas. 1918E 184, L.R.A. 1918B 415].) In *Withers* v. *Superior Court,* 91 Cal.App 735 [267 P. 547] (cited with approval in *Sefton* v. *Sefton,* 45 Cal.2d 872 [291 P.2d 439]) the court said (pp. 736-737): ''The judgment of annulment terminated the court's authority to enforce payment of alimony accruing thereafter. Having decided that the marriage was a nullity, the status of the parties after the entry of that judgment was not such that they could be divorced any more than as though they had never been married.'' So in the case at bar, the fact that an action for divorce was pending, by virtue of defendant's cross-complaint, could not in any wise affect, nor be affected by, plaintiff's cause of action for annulment.

Finally, defendant contends that the trial court committed prejudicial error in admitting testimony at the hearing of her motion relating to illicit relations had between defendant and one Radloff during the pendency of this litigation. The evidence had no relevancy to the issues presented by defendant's motion to set aside the default and should not have been admitted. However, it is well settled that ''. . . it is presumed on appeal that the court, sitting without a jury, did not base its finding on irrelevant evidence where there is competent evidence to support it.'' (*Southern Calif. Jockey Club, Inc.* v. *California etc. Racing Board,* 36 Cal.2d 167, 176 [223 P.2d].)

The judgment is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 11, 1959.